UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| NATASHA ALLEN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  2:18-cv-12345 |
| BLUESTEM BRANDS INC. d/b/a FINGERHUT, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes NATASHA ALLEN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BLUESTEM BRANDS INC. d/b/a FINGERHUT ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and

1

1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Detroit, Michigan, which lies within the Eastern District of Michigan.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota, and it regularly conducts business with consumers located in the state of Michigan.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. A few years ago, Plaintiff financed household goods through Defendant.

10. Plaintiff would make regularly scheduled payments to Defendant, however, eventually, Defendant made an error on Plaintiff's account, which caused it to show up as delinquent ("subject debt").

11. In 2016, Plaintiff began receiving phone calls from Defendant to her cellular phone, (313) XXX-1355.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1355. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant uses a variety of phone numbers when contacting Plaintiff's cellular phone, including but not limited to: (866) 225-3586, (855) 895-3382, (844) 349-6207, (844) 349-8918, and (844) 669-7904.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. Upon answering calls from Defendant, Plaintiff experiences a significant pause, lasting several seconds in length, before she is connected with a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff is notified that Defendant is seeking to collect upon the subject debt.

17. Plaintiff has repeatedly told Defendant's representatives that Defendant made an error with regard to her account, as Plaintiff disputes owing the amount sought by Defendant.

18. Upon Defendant's refusal to remedy its error, Plaintiff demanded that Defendant stop contacting her.

19. Plaintiff has even asked to speak with a supervisor regarding the discrepancies and harassing phone calls, and Defendant's representatives have hung up the phone.

20. Despite clear notice from Plaintiff that its calls were unwanted, Defendant has continued to call Plaintiff's cellular phone with attempts to collect upon the subject debt up until the filing of the instant action.

21. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after Plaintiff notified Defendant to cease its contacts.

22. For instance, from February 23, 2018 through May 29, 2018, a period of just over three months, Defendant placed not less than 155 phone calls to Plaintiff's cellular phone.

23. In sum, Defendant has contacted Plaintiff over 250 times after Plaintiff has demanded that it stop calling.

24. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $25.00 to purchase and maintain an application

subscription on her cellular phone to help quell Defendant's calls. Yet, Defendant's phone calls have persisted.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

31. Defendant violated the TCPA by placing at least 250 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to the Defendant upon renting the consumers goods was specifically revoked by Plaintiff's demands that it cease contacting her.

32. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff notified Defendant's representatives to stop contacting her, as Defendant failed to alleviate the discrepancy with Plaintiff's account. In spite of this

knowledge, Defendant placed mass phone calls, including 155 calls in just three months, to Plaintiff's cellular phone without her permission.

WHEREFORE, Plaintiff, NATASHA ALLEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

36. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

37. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

   **a. Violations of M.C.L. § 445.252(f)(ii)**

38. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

39. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system when Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

40. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

41. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop. In spite of Plaintiff's demands, Defendant systematically contacted Plaintiff at least 250 times. This repeated behavior was harassing and abusive, and the frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

42. Defendant's call volume, in and of itself, is in violation of the MCPA. Calling a consumer 155 times in three months is harassing and abusive by any standard. Plaintiff even notified Defendant to stop, as it refused to remedy the error on Plaintiff's account. Yet, Defendant repeatedly placed calls to Plaintiff's cellular phone knowing the calls were inconvenient.

### c. Violations of M.C.L. § 445.252(q)

43. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

44. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that its calls were inconvenient and harassing and demanded that they stop. Nevertheless, the calls continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

45. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was

9

continuously bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, NATASHA ALLEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 26, 2018

Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff

Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com